IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>               Plaintiff,<br><br>    v.<br><br>**RENT-A-CENTER EAST, INC.,**<br><br>               Defendant. | No. 16-CV-2222<br><br>Magistrate Judge Eric I. Long |

## DEFENDANT RENT-A-CENTER EAST, INC.'S MOTION IN LIMINE

Defendant Rent-A-Center East, Inc. ("RAC"), prior to announcing ready for trial, the *voir dire* examination of the jury, and the presentation of any evidence, moves the Court for an order in limine as follows:

I.

RAC moves the Court to order Plaintiff the U.S. Equal Employment Opportunity Commission ("EEOC"), its attorneys, witnesses, and other representatives not to mention or bring before the jury, either directly or indirectly, upon *voir dire*, reading of the pleadings, statement of the case, interrogation of witnesses, argument, or objections before the jury any of the following without first having called such matters to the Court's attention, out of presence or hearing of the jury, and obtained a favorable ruling as to the admissibility of any such matters. RAC also moves the Court to order the EEOC, its attorneys, witnesses, and representatives not to prove, attempt to prove, refer to, interrogate, mention, imply, or testify to at any time, in any way, in the presence of the jury panel or jury, or attempt to place before the jury panel and jury, either directly or indirectly, any of the following matters without first having called such matters to the Court's attention, out of the presence or hearing of the jury, and obtained a favorable

1

ruling as to the admissibility of any such matters. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would prejudice the jury, and sustaining objections to such questions, statements, or evidence will not prevent prejudice and will reinforce the development of questionable evidence.

II.

**1.  EVIDENCE/TESTIMONY RELATING TO THE 2002 LAWSUIT THE EEOC BROUGHT AGAINST RAC AND THE SUBSEQUENT SETTLEMENT OF THAT SUIT.**

RAC moves the Court to order the EEOC and its counsel, witnesses, and representatives to refrain from any and all testimony, statements, or comments concerning a prior sex-discrimination lawsuit filed in 2001 by the EEOC and settled in 2002. That lawsuit is irrelevant under FRE 401 because it did not involve any of the any of the employment decisions that are at issue in this lawsuit, nor do they involve any of the same individuals whom Plaintiff implicates in this lawsuit. *See Stopka v. Alliance of American Ins.*, 1997 U.S. Dist. LEXIS 1879, * (N.D. Ill. Feb. 21, 1997) (granting motion in limine to bar alleged evidence of discrimination by different decision-maker), *aff'd*, 141 F.3d 681 (7th Cir. 1998). Further, the suit, which occurred more than 15 years ago, is remote in time to this lawsuit. *See Schuster v. Lucent Techs.*, 327 F.3d 569, 576 (7th Cir. 2003) (holding that comments made two years before the contested termination were stray workplace remarks, "rather than evidence of the thought process behind [the] termination [decision]," given the "temporal distance between the comments and the termination decision, as well as the lack of any connection to that decision"); *Reeves v. Federal Reserve Bank of Chicago*, 2004 U.S. Dist. LEXIS 5730, *16 (Apr. 6, 2004) (granting motion in limine to exclude alleged discrimination that occurred four years prior to the incident at issue in the lawsuit because it was irrelevant and "would lead to a series of mini-trials" about whether the alleged prior discrimination actually occurred).

2

Moreover, because the 2001 suit and 2002 settlement have no relevance to Plaintiff's instant lawsuit, evidence of these alleged incidents will prejudice Defendant and unnecessarily prolong the trial. Accordingly, it should also be excluded under FRE 403. "[W]hen the evidence appears to be of slight probative value, district courts may properly exclude it under Rule 403 to avoid a series of collateral 'trials within the trial' which would result in confusion and undue delay." *Stopka*, 141 F.3d at 687.

Granted:_____
Denied:_____
Modified:_____

**2.  EVIDENCE/TESTIMONY RELATING TO ANY ALLEGATION THAT RUSSELL KASPER WAS WRONGFULLY TERMINATED.**

RAC moves the Court to order the EEOC and its counsel, witnesses, and representatives to refrain from any and all testimony, statements, or comments concerning any allegations that the termination of Russell Kasper ("Kasper") was wrongful. RAC expects that the EEOC will attempt to present evidence that Kasper was terminated for refusing to participate in an alleged scheme to terminate Megan Kerr's ("Kerr") employment. Kasper makes no claims in this lawsuit, nor has he brought any charge or claim concerning his termination. Introducing the issue of whether Kasper was wrongfully terminated would confuse the jury, lengthen trial by adding immaterial issues, and prejudice RAC. *See* FED. R. EVID. 401, 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *see also Soller v. Moore*, 84 F.3d 964, 968 (7th Cir. 1996) (affirming district court's decision granting defendant's motion *in limine* to exclude evidence of a previous incident involving defendant that was "strikingly similar" to the

3

current lawsuit, reasoning that allowing this evidence would have unnecessarily created a "trial within a trial"); *Sims v. Mulcahy*, 902 F.2d 524, 530-31 (7th Cir. 1990) (affirming district court's decision granting defendant's motion *in limine* to exclude evidence that would have improperly created a "trial within a trial."). As a result, evidence regarding allegations of discrimination or retaliation involving Kasper, or other current or former RAC employees, should be excluded from evidence.

      Granted:_____

      Denied:_____

      Modified:_____

**3. EVIDENCE/TESTIMONY RELATING TO ALLEGED MISTREATMENT OF AMBER SHUMATE BY RAC'S PRIVATE INVESTIGATOR.**

RAC moves the Court to order the EEOC and its counsel, witnesses, and representatives to refrain from any and all testimony, statements, or comments that RAC's private investigator harassed or mistreated Amber Shumate during a voluntary interview. As a threshold matter, Shumate made similar allegations concerning the EEOC investigator during her deposition. In any event, the conduct of RAC's private investigator during his conversation with Shumate has no bearing on any material fact in this case, and accordingly presentation of this evidence would unnecessarily prolong trial, confuse the jury, and prejudice RAC. *See* FED. R. EVID. 401, 403. Accordingly, any reference to alleged mistreatment of Shumate by RAC's private investigator should be excluded.

      Granted:_____

      Denied:_____

      Modified:_____

**4.　EVIDENCE/TESTIMONY RELATING RAC'S POSITION STATEMENT TO THE EEOC.**

RAC moves the Court to order the EEOC and its counsel, witnesses, and representatives to refrain from any and all testimony, statements, or comments regarding RAC's position statement submitted to the EEOC in response to Megan Kerr's Charge of Discrimination. First, RAC's position statement is inadmissible because it does not consist of "purely factual material relating to the merits" of the complaint (which the trial judge could admit into evidence) but rather represents the legal arguments of RAC's outside counsel. *See Gage v. Metro. Water Reclamation Dist. of Greater Chi.*, 365 F. Supp. 2d 919, 937 (C.D. Ill. 2005) (granting motion in limine excluding submissions to the EEOC); *see also Lindsey v. Prive Corp.*, 161 F.3d 886, 894-95 (5th Cir. 1998) (affirming trial court's refusal to admit the position statement into evidence). Moreover, the legal arguments of RAC's outside counsel are not relevant because they do not have "any tendency to make the existence of any fact that is of consequence to the determination of this action more probable or less probable." FED. R. EVID. 801.

Even if relevant, the position statement should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. FED. R. EVID. 403. Admission of the position statement would create the necessity for irrelevant mini-trials within the trial regarding what information was submitted to the EEOC and the reasons why certain information was or was not submitted to the EEOC. To require RAC to make such a demonstration would prejudicially misdirect the jury's attention away from resolving the material issues before the Court. Further, the statement of position should be excluded because it would cause undue delay, waste of time, and needless presentation of cumulative evidence. FED. R. EVID. 403.

5

Finally, the statement of position is inadmissible hearsay not within any exception because it is an out-of-court statement "offered as evidence to prove the truth of the matter asserted." FED. R. EVID. 801, 802. Indeed, the statement of position is inadmissible hearsay within hearsay because it was prepared by RAC's outside counsel and relied in part on information supplied by RAC employees. FED. R. EVID. 805.

Granted:_____
Denied:_____
Modified:_____

**5.  EVIDENCE/TESTIMONY RELATING TO KERR'S "EVICTION" FROM HER APARTMENT.**

RAC moves the Court to order the EEOC and its counsel, witnesses, and representatives to refrain from any and all testimony, statements, or comments that RAC's employees represented, to the EEOC or otherwise, that Kerr had been "evicted" from her apartment. The circumstances of Kerr's vacating her residence – including whether or not she was evicted and why – has no bearing on any material fact in this case, and accordingly presentation of this evidence would unnecessarily prolong trial, confuse the jury, and prejudice RAC. *See* FED. R. EVID. 401, 403. Accordingly, any reference to whether or why Kerr was evicted from her apartment should be excluded.

Granted:_____
Denied:_____
Modified:_____

**6.  EVIDENCE/TESTIMONY RELATING TO RUSSELL KASPER'S ALLEGED SECRECY/NON-DISCLOSURE AGREEMENT.**

RAC moves the Court to order the EEOC and its counsel, witnesses, and representatives to refrain from any and all testimony, statements, or comments that Russell Kasper had a non-compete agreement with RAC or a non-disclosure/"secrecy" agreement. RAC anticipates that

Kasper may testify that he had restrictive covenants with RAC preventing him from contacting RAC employees following his termination from RAC. Such testimony not only misrepresents the contents of any agreement Kasper had with RAC, but lacks any relevance to any material issue in this case, and further prejudices RAC in light of recent news coverage concerning non-disclosure agreements. *See* FED. R. EVID. 401, 403. Further, testimony concerning the contents of any such written agreements would violate the best evidence rule. FED. R. EVID. 1002. Accordingly, any reference to any non-disclosure agreement or other restrictive covenant between Kasper and RAC should be excluded.

    Granted:_____

    Denied:_____

    Modified:_____

**7.** **EVIDENCE/TESTIMONY RELATING TO THE ALLEGED CONTENTS OF NOTES AND CALENDAR ENTRIES PURPORTEDLY MADE BY RUSSELL KASPER.**

RAC moves the Court to order the EEOC and its counsel, witnesses, and representatives to refrain from any and all testimony, statements, or comments concerning the contents of notes and/or calendars that Kasper allegedly kept while employed by RAC. RAC anticipates that Kasper may attempt to testify regarding the contents of these alleged notes, which Kasper has represented are not in his possession. An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise. *See* FED. R. EVID. 1002. No such exception exists here, and accordingly any reference to the contents of the notes or calendars Kasper alleges he made should be excluded.

    Granted:_____

    Denied:_____

    Modified:_____

**8.     EVIDENCE/TESTIMONY RELATING OTHER ILLEGAL ACTS ALLEGEDLY COMMITTED BY RAC.**

RAC moves the Court to order the EEOC and its counsel, witnesses, and representatives to refrain from any and all testimony, statements, or comments concerning other illegal activities allegedly committed by RAC.  RAC anticipates that the EEOC may attempt to present testimony that RAC instructed Russell Kasper and other employees to peddle merchandise door-to-door in violation of local laws.  Presentation of evidence concerning other alleged illegal activities such as these would result in a series of min-trials, has no bearing on any material fact in this case, and accordingly would unnecessarily prolong trial, confuse the jury, and prejudice RAC.  *See* FED. R. EVID. 401, 403.

     Granted:_____
     Denied:_____
     Modified:_____

Respectfully submitted,

*/s/ J. Bradley Spalding*
J. Bradley Spalding, Texas Bar No. 00786253

J. Bradley Spalding
Texas Bar No. 00786253
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.652.4731

Michael A. Wilder ARDC# 6291053
Lavanga V. Wijekoon ARDC# 6301183
LITTLER MENDELSON, P.C.
A Professional Corporation
321 North Clark Street, Suite 1000
Chicago, IL 60654
312.372.5520

Stephanie J. Quincy
Arizona Bar No. 014009
QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004
602.229.5200

Andrew Trusevich
Texas Bar No. 00785119
RENT-A-CENTER, INC.
5501 Headquarters Drive
Plano, Texas 75024
972.801.1465

Dated: December 15, 2017

**CERTIFICATE OF SERVICE**

I, **J. Bradley Spalding**, an attorney, certify that I served the attorney of record named below with a copy of **Defendant's Motion in Limine** via ECF (*Electronic Case Filing*) on December 15, 2017:

**Miles Shultz**
**Justin Mulaire**
**James L. Lee**
**Gwendolyn Young Reams**
**Gregory M. Gochanour**
U.S. Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8045
miles.shultz@eeoc.gov

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507

*/s /J. Bradley Spalding*
J. Bradley Spalding