IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>RENT-A-CENTER EAST, INC.,<br><br>    Defendant. | Case No. 16-cv-2222<br><br>Magistrate Judge Long |

### PLAINTIFF EEOC'S MOTION IN LIMINE NO. 2

### MOTION TO EXCLUDE EVIDENCE OF KERR'S UNRELATED CHARGE ALLEGATIONS, AND CERTAIN OTHER LEGAL PROCEEDINGS

The EEOC hereby moves for the entry of an order excluding all testimony, remarks and questions in the presence of the jury concerning: 1) Kerr's unrelated charge allegations; 2) Kerr's prior employment and educational history; 3) Kerr's divorce and child support proceeding; and 4) Kerr's unemployment application and benefits. This evidence should be barred as it has no probative value for the questions to be decided by the jury at the upcoming trial and would be offered solely for its prejudicial effect pursuant to rules 401 and 403.[1]

### BACKGROUND

Kerr's charge of discrimination against RAC alleged that she was harassed, demoted, and discharged because of her sex (gender identity). Ex. A, Charge of Discrimination (EEOC0023). The EEOC's letter of determination, which serves as the jurisdictional springboard for this litigation, only found reasonable cause regarding Kerr's discharge allegation. Ex. B, Letter of

---

[1] To the extent RAC intends to use documents to impeach Kerr regarding any of these issues, that is addressed in the EEOC's Motion in Limine No 9.

Determination (EEOC0018-0019).[2] The Commission's complaint only alleges RAC violated Title VII when it discharged Kerr—and does not contain harassment or demotion allegations. Doc. 1. During various depositions RAC questioned witnesses at length regarding harassment and demotion. *See* Ex. C, Kerr Deposition at 101:1-107:22; Ex. D, Kasper Deposition at 11:1-12:19.

Kerr petitioned for a divorce on February 27, 2013—RAC produced Kerr's divorce petition along with documents regarding various child support proceedings during discover. During the course of Kerr's deposition, RAC asked questions concerning Kerr's child support obligations and various court orders regarding these proceedings—including asking her if she understood the "whole purpose of [the child support hearings] is about the best interest of the child; you understand that, correct?" Ex. C, Kerr Deposition at 374:22-375:15.

Kerr testified in her deposition about several jobs she held before working for RAC, including Enzo's Pizzaria, FX Game Exchange, and CGX Console Game X Change. Ex. C, Kerr Deposition at 177:23-178:22. Kerr testified at her deposition about Moraine Valley Community College and Grayson County College. Ex. C, Kerr Deposition at 164:6-13, 399:11-400:1. RAC subpoenaed records from these previous employers and educational institutions.

## ARGUMENT

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. "Evidence which is not relevant is not admissible." F.R.E. 402. "Although relevant, evidence may be excluded if its probative value is

---

[2] The Commission does not intend to offer its letter of determination as evidence during the trial, but discusses it here to demonstrate that the only allegation of discrimination in this lawsuit is whether RAC discriminatorily terminated Kerr.

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403.

**A. <u>Kerr's allegations in her EEOC charge regarding harassment and demotion.</u>**

The Court should exclude evidence regarding Kerr's unrelated charge allegations because they are not at issue in this lawsuit. Since the EEOC is not alleging that RAC discriminated against Kerr through either harassment or demotion, testimony regarding these allegations do not related to any fact that is of consequence pursuant to Rule 401. The EEOC's only claim in this lawsuit is that RAC violated Title VII when it terminated Kerr. The other allegations Kerr made in her charge are not at issue at this trial and should therefore not be presented to the jury. *See e.g.*, *Churney v. Village of Downers Grove*, 122 F.Supp.2d 921, 922 (N.D. Ill. 2000) (plaintiff's sex discrimination charge against the defendant was not admissible in a subsequent and related retaliation action). Any discussion of Kerr's other charge allegations could confuse the jury as to the issues in this trial. Moreover, if this court were to allow the jury to learn of the other allegations in Kerr's charge, it would require the parties to spend time arguing to the jury about the significance and relevance of these collateral allegations and whether they were supported by evidence of wrongdoing.

Even if the Court were to conclude that Kerr's allegations regarding harassment or demotion were relevant pursuant to Rule 401, the probative value of any such evidence regarding these allegations is substantially outweighed because it would serve to confuse the issues and mislead the jury. As the EEOC's letter of determination and subsequent lawsuit make clear—the only issue in this trial is whether RAC discriminated against Kerr when it terminated her. Evidence regarding the strength or weakness of claims of discrimination not at issue in this case

would only confuse the issues and mislead the jury, and without such evidence, no inferences may be drawn by the mere existence of the allegations. Such evidence should therefore be excluded pursuant to Rule 403. Excluding these matters from presentation to the jury would also avoid "wasting time." F.R.E. 403.

The EEOC also believes RAC will seek testimony regarding whether Kasper harassed Kerr. *See* Ex. C, Kerr Deposition at 101:1-102:6; Ex. D, Kasper Deposition at 11:1-12:19. However, the EEOC does not allege anyone harassed Kerr let alone Kasper. There is no dispute that Kasper was not involved in RAC's decision to terminate Kerr. Therefore, any potential evidence under Rule 401 of an alleged harasser being a decision maker is simply not present. Allowing RAC to seek testimony from both Kasper and Kerr regarding harassment not at issue in this lawsuit would confuse the issues and mislead the jurors, and should be excluded pursuant to Rule 403. Again conducting a trial within a trial regarding an issue not in the case would needlessly prolonging the trial days and "wast[e] time." F.R.E. 403.

### B. Kerr's child support proceedings.

The Commission believes RAC may attempt to use Kerr's divorce and child support proceedings at trial. As Kerr's child support obligations and proceedings are not relevant and prejudicial, the Court should prohibit RAC from using this information at trial for any purpose including impeachment.

Kerr's child support obligations to do not fall within the clear parameters of Rule 401. Whether or not Kerr has failed to properly pay his child support obligations or has child support arrearages is not relevant to this case because they do not make any pertinent fact more or less likely regarding the Commission's claim. Additionally, even if evidence regarding Kerr's divorce or child support proceedings were somehow construed as relevant to the Commission's

4

claims in this lawsuit, the Commission believes that allowing such evidence to be presented to the jury would be unfairly prejudicial, confuse the issues, and mislead the jury pursuant to Rule 403.

The Court should exclude this evidence pursuant to Rule 403 on the grounds that its prejudicial effect substantially outweighs any probative value such evidence might have as to the issues in this case. Under Rule 403, the trial court has broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial under Rule 403 not simply because it hurts a party's case; rather, evidence is unfairly prejudicial when it would influence the jury to decide the case on an improper basis. *United States v. Bonds,* 12 F.3d 540, 567 (6th Cir. 1993); *see also Doe v. Claiborne County, Tennessee*, 103 F.3d 495, 515 (6th Cir. 1996). Unfair prejudice in this context means "an undue tendency to suggest decision on an improper basis, commonly... an emotional one." *See* F.R.E. 403, Advisory Committee Note.

A jury could obviously be unduly prejudiced against Kerr, and the trial could become, in part about unrelated and irrelevant child support obligations. There is no reason to inflame the indignation and hostility of the jury by mentioning child support proceedings and issue where it has no bearing on any of the claims involving in the Commission's lawsuit. The critical issue in this employment discrimination case is whether an illegal basis of discrimination was a factor in the employment action at the moment it was made. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 240-241 (1989). The fact that Kerr had court proceedings regarding her child support obligations has no relationship to the issue at hand. All of the previously mentioned evidence has no probative value for the material issues in this case and are not relevant.

C. **Kerr's past employment.**

5

Pursuant to Rule 401 the Court should exclude evidence of Kerr's employment prior to RAC. Kerr's compensation during late 1990s and early 2000s (from the pizzeria and video game stores in Texas) is irrelevant to a claim for backpay that spans July 2014 through July 2016. Further, the issue of backpay is for the Court and not the jury to decide.[3]

EEOC has no intention of introducing evidence about Kerr's academic achievements or employment from the 1990s and early 2000s. The Commission expects RAC will seek testimony regarding these employers and her educational history to try and attack Kerr's "credibility" by pointing to various instances in which Kerr has inaccurately represented some aspect of her life to someone, somewhere. Defendant, then, will be seeking to introduce testimony that irrelevant to the merits of the case solely for the purpose of hoping to be able to impeach Kerr. Such hopes cannot convey relevance to testimony that, standing alone, has nothing to do with the case. The primary issue in this suit is whether Defendant discharged Kerr because of sex or not; her work history and school records have nothing to do with that.

Rule 608(b) permits the cross examination of a witness regarding specific instances of conduct only if that conduct is probative of the witness' character for truthfulness or untruthfulness. The notes to Rule 608 specifically warn of the substantial potential for abuse during cross examination regarding specific acts. F.R.E. 608(b) 1972 Advisory Committee Notes. The Committee Notes emphasize that any evidence admissible under this rule also must satisfy the standards of Rule 403 regarding unfair prejudice, confusion of the issues and misleading of the jury. *Id.* Furthermore, Rule 405(b) states that "when the character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct." However, "A plaintiff's character is not an essential element

---

[3] Which is the subject of the EEOC's Motion in Limine #10.

of any claim or defense in an employment discrimination case." *Zubulake v. UBS Warburg LLC*, 382 F.Supp.2d 536, 540 (S.D.N.Y. 2005); *see also EEOC v. HBE Corp.*, 135 F.3d 543, 553 (8th Cir. 1998). Thus, any evidence regarding Kerr's past employers are not admissible under rule 405.

### D. Kerr's unemployment.

This Court should exclude all evidence of Kerr's application for or receipt of unemployment compensation pursuant to the "collateral source rule" and Rule 402 and 403. Courts have widely adopted the position that a plaintiff's receipt of unemployment compensation should not reduce her damages in an employment discrimination case. *See Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 874 (N.D. Ill. 2001) (granting plaintiff's motion in limine to exclude evidence of unemployment compensation); *Perry v. Larson*, 794 F.2d 279, 286 (7th Cir. 1986) ("Unemployment compensation is a source of funds independent of the transaction giving rise to the claim and thus is collateral"); *Gaworski v. ITT Commercial Finance Corp.*, 17 F.3d 1104, 1113 (8th Cir. 1994) (collecting cases).

## CONCLUSION

WHEREFORE, EEOC requests an Order, *in limine*, barring testimony, remarks and/or questions concerning: 1) unrelated charge allegations; 2) prior employment and educational; 3) child support; and 4) Kerr's unemployment application.

December 15, 2017                      Respectfully Submitted,

<u>s/ Miles Shultz</u>
Miles Shultz
Trial Attorney
U.S. Equal Employment Opportunity Commission
500 W. Madison St., Ste. 2000
Chicago, IL 60661

**CERTIFICATE OF SERVICE**

      I hereby certify that on today's date, I caused the EEOC'S MOTION IN LIMINE NO. 2 to be served upon counsel to Defendant via the court's Electronic Case Filing system, pursuant to Local Rule 5.3(A).

December 15, 2017                                    Respectfully Submitted,

                                                            s/ Miles Shultz
                                                           Miles Shultz
                                                           Trial Attorney
                                                           U.S. Equal Employment Opportunity Commission
                                                           500 W. Madison St., Ste. 2000
                                                           Chicago, IL 60661