IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>RENT-A-CENTER EAST, INC.,<br><br>  Defendant. | Case No. 16-cv-2222<br><br>Magistrate Judge Long |

## PLAINTIFF EEOC'S MOTION IN LIMINE NO. 5

### MOTION TO EXCLUDE ARGUMENTATIVE QUESTIONS AND REMARKS CHALLENGING A WITNESS'S CONCLUSIONS

The EEOC moves for an order excluding all argumentative questions or remarks challenging a witness's conclusions pursuant to Rules 403 and 611.

During depositions in this case, counsel to Rent-A-Center ("RAC") asked witnesses questions in the form of, "And you are as positive about that as you are about everything else you testified here today"? *See, e.g.* Ex. A, Kerr Dep. 53:19-22, 130:15-19, 146:3-6, 147:10, 154:20-22, 183:9-11, 195:5-7, 234:7-9, 304:22-2, 363:21-24, 399:17-19; and Ex. B, Kasper Dep. 24:16-24, 26:3-5.

Such questions are argumentative and improper. It is for the jury to decide the credibility of the witness and the reasonableness of the inferences from the witness's testimony. These questions do not seek facts—they challenge the witness about conclusions. *See United States v. Newman*, 49 F.3d 1, 8 (1st Cir. 1995) (questions are improper when they are "not directed at ascertaining any relevant fact"). "An argumentative question that essentially talks past the witness, and makes an argument to the jury, is improper because it does not seek to elicit

1

relevant, competent testimony, or often any testimony at all." *People v. Chatman*, 133 P.3d 534, 563 (Cal. 2006). This type of argumentative question does not produce any evidence and would waste time pursuant to Rules 403 and 611(a)(2). Further, since these questioned are not designed to elicit evidence they are not "effective for determining the truth." F.R.E. 611(a)(1).

WHEREFORE, the EEOC requests an order, *in limine*, to exclude all argumentative questions or remarks challenging a witness's conclusions.

December 15, 2017                    Respectfully Submitted,


<u>s/ Miles Shultz</u>
Miles Shultz
Trial Attorney
U.S. Equal Employment Opportunity Commission
500 W. Madison St., Ste. 2000
Chicago, IL 60661

## CERTIFICATE OF SERVICE

  I hereby certify that on today's date, I caused the EEOC'S MOTION IN LIMINE NO. 5 to be served upon counsel to Defendant via the court's Electronic Case Filing system, pursuant to Local Rule 5.3(A).

December 15, 2017             Respectfully Submitted,

                  s/ Miles Shultz
                  Miles Shultz
                  Trial Attorney
                  U.S. Equal Employment Opportunity Commission
                  500 W. Madison St., Ste. 2000
                  Chicago, IL 60661