E-FILED
Friday, 15 December, 2017 11:45:19 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>RENT-A-CENTER EAST, INC.,<br><br>　　Defendant. | Case No. 16-cv-2222<br><br>Magistrate Judge Long |

## PLAINTIFF EEOC'S MOTION IN LIMINE NO. 6

### MOTION TO PROHIBIT ATTORNEY VOUCHING AND PERSONAL EXPERIENCES

　　The EEOC moves for an order excluding remarks and questions by counsel in the presence of the jury concerning: (a) counsel's personal opinion about any witness's credibility or other vouching for a witness's credibility; and (b) counsel's own personal experiences. Attorney vouching for (or against) a witness is improper in civil cases, just as in criminal cases. And it is well-settled that it is not proper for an attorney to attempt to persuade the jury or curry favor with it by relating his or her own personal life experiences, to the extent those are not in evidence.

　　In this case, one of Rent-A-Center's principal attorneys in this litigation is also an employee of the company (i.e., in house counsel). While there is, of course, nothing improper about that, the EEOC believes it is appropriate to make clear that counsel cannot personally vouch for the credibility of fellow Rent-A-Center employees (or any other witness) who appear at trial.

　　Additionally, counsel for both parties generally should not comment about their own

personal life experiences and background in the jury's presence. During depositions in this case, counsel to Rent-A-Center has commented to witnesses about counsel's own military service. Such service is commendable. However, the personal background of counsel, like any other matter not in evidence, is not information that is relevant to the jury's consideration of the matters that are in evidence. Thus it is not appropriate at trial.

"[C]ounsel may not express his beliefs regarding the honesty of the opposing party's witnesses." Spicer v. Rossetti, 150 F.3d 642, 644 (7th Cir. 1998); see also, e.g., U.S. v. Briseno, 843 F.3d 264, 272 (7th Cir. 2016) ("A prosecutor may not vouch for a witness by personally endorsing that witness's truthfulness, or by implying that facts not in evidence support the witness's credibility."). And more generally, "[t]he personal experience of attorneys is irrelevant ... and therefore is inadmissible." Lynch v. Diamond State Trucking, Inc., 2014 WL 12734712, *2 (C.D.Ill. Feb. 28, 2014); see also Lenard v. Argento, 699 F.2d 874, 897 (7th Cir. 1983) ("[P]ersonal observations, evaluations and recommendations are not part of the role of trial counsel.").

WHEREFORE, the EEOC requests an order, *in limine*, to bar remarks and questions by counsel that contain counsel's personal opinion about any witness's credibility, otherwise vouch for a witness's credibility, or disclose counsel's own personal experiences to the jury.

December 15, 2017    Respectfully Submitted,

                                         s/ Justin Mulaire
                                         U.S. Equal Employment Opportunity Commission
                                         33 Whitehall St., Fl. 5
                                         New York, NY 10004
                                         212-336-3744

## CERTIFICATE OF SERVICE

       I hereby certify that on today's date, I caused the EEOC'S MOTION IN LIMINE NO. 6 to be served upon counsel to Defendant via the court's Electronic Case Filing system, pursuant to Local Rule 5.3(A).

December 15, 2017                        Respectfully Submitted,

                                                 s/ Justin Mulaire
                                        U.S. Equal Employment Opportunity Commission
                                        33 Whitehall St., Fl. 5
                                        New York, NY 10004
                                        212-336-3744