**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | **Case No. 16-cv-2222** |
| **v.** | |
| **RENT-A-CENTER EAST, INC.,** | **Magistrate Judge Long** |
| **Defendant.** | |

## PLAINTIFF EEOC'S MOTION IN LIMINE NO. 9:

### MOTION TO EXCLUDE IMPEACHMENT BY EXTRINSIC EVIDENCE OF COLLATERAL MATTERS

The EEOC moves for an order prohibiting the use of extrinsic evidence to impeach witnesses about collateral matters raised during cross-examination. Both the Federal Rules of Evidence and longstanding Seventh Circuit precedent preclude the use of such evidence.

During discovery in this matter, Rent-A-Center examined Megan Kerr concerning a host of matters from the last 25 years of her life. Rent-A-Center also obtained documents about many of those matters, including records of Kerr's service in the U.S. Army roughly two decades ago, her employment at businesses other than Rent-A-Center, educational records, divorce and child support proceedings, and certain unemployment benefits materials. There is no dispute that these matters do not bear on the question of whether Rent-A-Center's decision to discharge her in 2014 was motivated by her transgender status. Rather, Rent-A-Center stated in support of its requests to subpoena such materials that they are relevant to Kerr's credibility, as well as backpay and the defense of failure to mitigate. See generally Defendant's Response to Plaintiff's

1

Motion to Quash, ECF No. 30.

Use of extrinsic evidence to attempt to prove impeachment about such matters would violate Federal Rule of Evidence 608(b), this circuit's collateral evidence rule, or both.

Rule 608(b) provides, in pertinent part:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of... the witness.

F.R.E. 608(b).

That is, "Rule 608(b) allows cross-examination of a witness about specific instances of her past conduct, if probative of truthfulness or untruthfulness, but prohibits the proof of such conduct by extransic evidence." Simmons v. Pinkerton's, Inc., 762 F.2d 591, 605 (7th Cir. 1985) (abgrogation on other grounds recognized by Glickenhaus & Co. v. Household Intern. Inc., 787 F.3d 408, 425 n.12 (7th Cir. 2015)).

With respect to a distinct but related form of impeachment — impeachment by contradiction — it has likewise long been the rule in the Seventh Circuit that "a witness may not be impeached by contradiction as to collateral or irrelevant matters elicited on cross-examination." Taylor v. Nat'l R.R. Passenger Corp., 920 F.2d 1372, 1375 (7th Cir. 1990) (admission of 14 year old military records to prove collateral matter for impeachment warranted reversal and new trial). "A matter is collateral if it could not have been introduced into evidence for any purpose other than contradiction." United States v. Williamson, 202 F.3d 974, 979 (7th Cir.2000) (quotation marks omitted).

Importantly, when a party cross-examines a witness about an otherwise irrelevant matter — whether to impeach her credibility or to impeach her by contradiction — the cross-examining

party must live with the answer the witness provides. <u>See, e.g.,</u> <u>Barber v. City of Chicago</u>, 725 F.3d 702, 709 (7th Cir. 2013) ("[B]ut if Barber had denied drinking on other occasions (as he did when he explained the circumstances of the arrest) the defense would have been stuck with his answer."); <u>see also</u> 1-12 Weinstein's Evidence Manual § 12.03[3][a] ("If the witness, however, denies having committed the specific act of misconduct, the cross-examiner may not introduce extrinsic evidence to prove that the act occurred.").

Accordingly, to the extent Rent-A-Center is permitted to inquire about a matter that is relevant solely because it is relevant to Kerr's character for truthfulness or untruthfulness (i.e., credibility), such as what military awards Kerr has or about a statement she made in a child support proceeding, Rent-A-Center may not expand that inquiry into a mini-trial by introducing documentary evidence that purports to prove the matter. [1]

Nor may Rent-A-Center evade these evidentiary limits by asking the witness questions about what such extrinsic evidence *would show*. During depositions, Rent-A-Center counsel asked witnesses questions about what certain, as yet introduced records would show, and whether such records would contradict the witness's testimony. This, too, is improper if the subject of the inquiry is within the scope of the collateral source rule or Rule 608(b). "[C]ross examination as to a specific instance relating to the character for untruthfulness of the particular witness being examined ... should be phrased in terms of the underlying event itself. Thus where the specific act is probative of untruthfulness of the witness being cross-examined, the question should not inquire about rumors, reports, arrests or indictments but rather about the underlying specific event of misconduct itself." <u>Young v. James Green Management, Inc.</u>, 327 F.3d 616, 626 n.7 (7th Cir. 2013). Accordingly, Rent-A-Center should likewise not be permitted to ask

---

[1] Nothing in this motion in limine is meant to suggest that Rent-A-Center should be permitted to engage in cross-examination of Kerr on the topics addressed in the array of records it has gathered. Such cross-examination is subject to other limits under Rules 403 and 608(b).

questions about what extrinsic evidence would show about collateral matters raised merely for impeachment.

Rent-A-Center's contention that the documents in question relate to backpay or mitigation is without merit for a number of reasons.  For purposes of this motion, however, it is sufficient to note that both Title VII and Seventh Circuit decisional law squarely commit backpay and mitigation questions to the Court and not to the jury.  <u>See generally</u> EEOC Motion in Limine No. 10 (mitigation is a defense to the equitable remedy of backpay and thus is determined by the Court).  Accordingly, even if it were assumed for the sake of argument that a particular matter from Kerr's rather distant past were relevant to mitigation of lost wages after her 2014 discharge, that woud merely enable Rent-A-Center to present extrinsic evidence of the matter *to the Court* — not to the jury — for purposes of addressing backpay and mitigation.  A matter relevant only to backpay or mitigation would not be relevant to any issue before the jury.

<u>**CONCLUSION**</u>

WHEREFORE, the EEOC requests an order, *in limine*, prohibiting the use of extrinsic evidence to impeach witnesses about collateral matters.

December 15, 2017                              Respectfully Submitted,

  s/ Justin Mulaire_____
U.S. Equal Employment Opportunity Commission
33 Whitehall St., Fl. 5
New York, NY  10004
212-336-3744

## CERTIFICATE OF SERVICE

I hereby certify that on today's date, I caused the EEOC'S MOTION IN LIMINE NO. 9 to be served upon counsel to Defendant via the court's Electronic Case Filing system, pursuant to Local Rule 5.3(A).

December 15, 2017                    Respectfully Submitted,

 s/ Justin Mulaire           
U.S. Equal Employment Opportunity Commission
33 Whitehall St., Fl. 5
New York, NY 10004
212-336-3744