IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>RENT-A-CENTER EAST, INC.,<br><br>    Defendant. | Case No. 16-cv-2222<br><br>Magistrate Judge Long |

### PLAINTIFF EEOC'S MOTION IN LIMINE NO. 10:

### MOTION TO EXCLUDE REFERENCES TO BACKPAY AND MITIGATION

The EEOC moves for an order excluding all testimony, remarks, and questions in the presence of the jury concerning: (a) backpay; (b) mitigation of damages (namely, interim earnings, Megan Kerr's efforts to find other work after her termination from Rent-A-Center, and the reasonableness of those efforts); and (c) Kerr's application for and receipt of unemployment benefits. These matters are not relevant to any question that will be put to the jury at the upcoming trial. Under Title VII, backpay is determined by the Court, not the jury.[1]

### ARGUMENT

**Backpay**

In this case, the EEOC has asserted a single claim of discriminatory discharge under Title VII of the Civil Rights Act of 1964. The EEOC seeks backpay, other equitable relief, and

---

[1] Accordingly, evidence relevant to backpay should be heard by the Court either at the upcoming trial outside the presence of the jury, or else during a subsequent phase of the trial to be scheduled at a later date. The EEOC notes that in the event of a verdict for the EEOC, there may be efficiency in permitting the parties an opportunity to explore a stipulation concerning the amount of backpay prior to commencing a backpay hearing.

compensatory and punitive damages. Backpay is determined by measuring the difference between Kerr's "actual earnings for the period and those which she would have earned absent the discrimination by defendant." Horn v. Duke Homes, 755 F.2d 599, 606 (7th Cir. 1985). Thus if Rent-A-Center is found to have unlawfully discharged Kerr, the EEOC will be entitled to an award for the backpay that Kerr lost as a result.

Under Title VII, backpay is an equitable remedy and is not a component of compensatory damages. See 42 U.S.C. § 2000e-5(g)(1) (authorizing injunctions, backpay and "other equitable relief"); 42 U.S.C. § 1981a(b)(2) ("Compensatory damages awarded under this section shall not include backpay...."). Accordingly, while liability and damages are jury questions, backpay is decided by the Court. See Pals v. Schepel Buick, 220 F.3d 495, 500-01 (7th Cir. 2000) ("Back pay and front pay are equitable remedies under § 706(g)(1) [of Title VII, 42 U.S.C. § 2000e-5(g)(1)] and therefore matters for the judge...."); see also 42 U.S.C. § 1981a(c)(1) (providing for jury trial complaining party seeks compensatory or punitive damages).

Accordingly, no legitimate purpose would be served by presenting evidence or making other remarks to the jury about the EEOC's claim for backpay, including the amount of backpay sought.

**Mitigation**

Although commonly referred to as "failure to mitigate damages," an individual's failure to mitigate lost wages is an affirmative defense to the equitable remedy of backpay. See 42 U.S.C. § 2000e-5(g)(1) (permitting reduction of backpay by "interim earnings and amounts earnable with reasonable diligence by the person ... discriminated against"); see also EEOC v. Ilona of Hungary, Inc., 108 F.3d 1569, 1581 (7th Cir. 1997) ("Lack of mitigation... is an affirmative defense that the employer bears the burden of proving."). To establish the affirmative defense of failure to mitigate damages, an employer must show that: "(1) [the victim

of discrimination] failed to exercise reasonable diligence to mitigate [her] damages, and (2) there was a reasonable likelihood that [the victim of discrimination] might have found comparable work by exercising reasonable diligence." Hutchison v. Amateur Electronic Supply, Inc., 42 F.3d 1037, 1044 (7th Cir. 1994).

As a subsidiary question of the issue of backpay, mitigation is likewise an issue to be determined by the Court rather than the jury. See, e.g., Ortega v. Chicago Board of Education, 2017 WL 5593350, *3 (N.D.Ill. Nov. 21, 2017) (court addresses backpay and failure to mitigate following jury verdict on liability and damages).

Accordingly, because evidence, remarks, or questions about Megan Kerr's interim earnings and efforts to find other work after her termination from Rent-A-Center are relevant to the defense of failure to mitigate, they should not be offered in the presence of the jury.

**Unemployment Benefits**

"Unemployment compensation is a collateral source." Garon v. Miller Container Corp., 2007 WL 158726, *1 (C.D.Ill. Jan. 18, 2007). "As the Seventh Circuit has noted, courts generally have rejected the attempt to deduct unemployment compensation payments from back pay." Id. Accordingly, evidence of unemployment benefits sought or received by Kerr are not relevant to the question of backpay or mitigation at all and should not be admitted.

However, if the Court were to permit evidence of, remarks about, or questions about such matters to be presented, it would be relevant, at most, to the calculation of backpay and thus should be presented outside the presence of the jury.

In addition to their irrelevance to any issue before the jury, the questions of backpay, mitigation, and unemployment benefits should also be prohibited in the jury's presence under F.R.E. 403, as they would create a substantial risk of unfair prejudice and confusion of the

issues.  As the Seventh Circuit's pattern jury instructions note, the jury is not to consider matters related to backpay.  See Federal Civil Jury Instructions of the Seventh Circuit 3.10 ("The court will calculate and determine any damages for past or future lost wages and benefits.").

Excluding these matters from presentation to the jury would also avoid "wasting time." F.R.E. 403.  First, it would shorten the trial for jurors, who would not need to listen to testimony or review evidence concerning Kerr's wages and benefits at Rent-A-Center, or listen to oral presentations of arithmetic.  Second, it may promote judicial economy for the Court:  if liability is resolved in favor of the EEOC, the parties may be able to reach a compromise as to backpay and settle the case, making it unnecessary to present evidence of backpay and mitigation to the Court at all; and, if liability is resolved in favor of the defendant, a backpay hearing would likewise be unnecessary.

## CONCLUSION

WHEREFORE, the EEOC requests an order, *in limine*, to bar the presentation testimony, remarks, and questions in the presence of the jury concerning backpay, mitigation, and Kerr's application for and receipt of unemployment benefits.

December 15, 2017                                  Respectfully Submitted,

  s/ Justin Mulaire
U.S. Equal Employment Opportunity Commission
33 Whitehall St., Fl. 5
New York, NY  10004
212-336-3744

## **CERTIFICATE OF SERVICE**

      I hereby certify that on today's date, I caused the EEOC'S MOTION IN LIMINE NO. 10 to be served upon counsel to Defendant via the court's Electronic Case Filing system, pursuant to Local Rule 5.3(A).

December 15, 2017                        Respectfully Submitted,

                                                 s/ Justin Mulaire
                                        U.S. Equal Employment Opportunity Commission
                                        33 Whitehall St., Fl. 5
                                        New York, NY  10004
                                        212-336-3744