IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br><br>   v.<br><br>**RENT-A-CENTER EAST, INC.,**<br><br>      Defendant. | No. 16-CV-2222<br><br>Magistrate Judge Eric I. Long |

### EEOC'S OBJECTIONS TO DEFENDANT'S
### PROPOSED JURY INSTRUCTIONS

Plaintiff U.S. Equal Employment Opportunity Commission objects to Defendant's Proposed Jury Instructions as set forth below.

Respectfully submitted,

                                        s/ Miles Shultz
                                        U.S. Equal Employment
                                        Opportunity Commission
                                        500 W. Madison St., Ste. 2000
                                        Chicago, IL 60661
                                        312-869-8053

                                        Justin Mulaire
                                        U.S. Equal Employment
                                        Opportunity Commission
                                        33 Whitehall St., Fl. 5
                                        New York, NY 10004
                                        212-336-3744

# DEFENDANT PROPOSED JURY INSTRUCTION NO. 1
## SPOLIATION/DESTRUCTION OF EVIDENCE

RAC proposes a spoliation instruction regarding an attachment Kerr references in her initial EEOC intake form. The attachment is referenced in response to two questions on Kerr's intake questionnaire: 6) "Why do you believe these actions were discriminatory?;" and 8) regarding comparators. Ex. A, Kerr Intake Questionnaire, EEOC0066.

There is no evidence that the EEOC intentionally destroyed this attachment or that it did so in bad faith. "The Seventh Circuit 'requires a showing of an intentional act by the party in possession of the allegedly lost or destroyed evidence' to support a missing or destroyed evidence instruction. *Spesco, Inc. v. General Elec. Co.,* 719 F.2d 233, 239 (7th Cir. 1983)". Federal Civil Jury Instructions of the Seventh Circuit Committee 1.20, cmt. In order to establish the Commission destroyed this document in bad faith would require evidence that it was destroyed "for the purpose of hiding adverse information." *Faas v. Sears, Roebuck & Co*., 532 F.3d 633, 644 (7th Cir. 2008) (*quoting Rummery v. Illinois Bell Tel. Co*., 250 F.3d 553, 558 (7th Cir. 2001)). Even if there were evidence the EEOC intentionally destroyed this attachment—which there is none—it is extremely unlikely that an attachment regarding comparators or a supplement regarding Kerr's charge allegations would contain "adverse information." Since RAC has provided no evidence the EEOC destroyed this document—let alone destroyed in bad faith to hide adverse evidence—the Court should not give this instruction.

# DEFENDANT PROPOSED JURY INSTRUCTION NO. 2

## **TRANSCRIPTIONS**

The transcriptions of the interview notes conducted during the EEOC's investigation are classic hearsay with no applicable exception. The transcribed interview notes are an investigator's summary—that the witnesses never even saw—of out of court statements made during the EEOC's administrative investigation. F.R.E. 801 and 803.

**DEFENDANT PROPOSED JURY INSTRUCTION NO. 3**

**GENERAL DAMAGES INSTRUCTION**

Defendant's proposed instruction differs unnecessarily from the relevant Seventh Circuit pattern instruction.[1] In particular, Defendant's modified instruction begins with an admonition about backpay that duplicates the instruction that is already set forth in the third paragraph of the pattern instruction for Compensatory Damages. Rather than repeating and thus drawing special attention to matters that may be of interest to Defendant, the EEOC proposes that the pattern instruction on General Damages be given without modification.

---

[1] Federal Civil Jury Instructions of the Seventh Circuit 3.09.

# DEFENDANT PROPOSED JURY INSTRUCTION NO. 4

## COMPENSATORY DAMAGES

Defendant's proposed instruction should be rejected because Defendant has offered no legal authority that supports its proposed variation from the Seventh Circuit pattern instruction on Compensatory Damages, and because the proposed instruction is incorrect as a matter of law. The fifth paragraph of Defendant's proposed instruction attempts to apply the after-acquired evidence doctrine as a defense to compensatory damages, citing as support *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995).

Such an instruction is inappropriate for several reasons. First, as its name suggests, the doctrine of "after-acquired" evidence applies when a defendant learns of misconduct *after* it discharged an employee for a discriminatory reason. *See id.* at 359-60. Indeed, *McKennon* addressed a situation in which the plaintiff's "misconduct was not discovered until after she had been fired," and thus "[t]he employer could not have been motivated by knowledge it did not have and it cannot now claim that the employee was fired for the nondiscriminatory reason." *Id*. In this case, Rent-A-Center's position, and the testimony of its managerial employees, is that misconduct by Megan Kerr (unauthorized use of a company vehicle on a Sunday) *was the reason* that RAC discharged her. Thus the proposed jury instruction is inconsistent with even RAC's own account of the facts in this case.

Second, and relatedly, the proposed jury instruction seems to confuse the after-acquired evidence defense with the similar—but analytically entirely distinct—"same-decision defense" (sometimes referred to as a "mixed-motive" defense), which the parties have already jointly proposed to instruct the jury about. *See* Joint Proposed Jury Instruction No. 7 (General Employment Discrimination Instructions), at Paragraph 2. Both of these doctrines provide a partial defense to certain forms of relief (but not to liability). However, as the Supreme Court

explained *McKennon* itself, the two defenses address entirely different situations. *See McKennon*, 513 U.S. at 360 ("Mixed motive cases are inapposite here."). Instructing the jury about both doctrines when only one has any factual support in the case would create an unnecessary risk of confusion.

Finally, and perhaps most fundamentally, the after-acquired evidence doctrine simply does not apply to compensatory damages. It is a defense to *equitable relief* — specifically, backpay, front pay, and reinstatement—not compensatory damages. *See id.*, 513 U.S. at 360-62.[2] As the Seventh Circuit has explained: "An employer may be found liable for employment discrimination, but if the employer later—typically in discovery—turns up evidence of employee wrongdoing which would have led to the employee's discharge, then the employee's right *to back pay* is limited to the period before the discovery of this after-acquired evidence." *Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1047 (7th Cir. 1999) (emphasis added) (Title VII pregnancy discrimination case), *Dvorak v. Mostardi Platt Associates, Inc.*, 289 F.3d 479, 486 (7th Cir. 2002) ("*backpay* may run only from the date of the unlawful discharge until the date the employer would have terminated the employee based on the later evidence" (emphasis added)); *see also O'Neal v. City of New Albany*, 293 F.3d 998, 1004-05 (7th Cir. 2002) (recognizing application of *McKennon* to reinstatement and backpay and noting that plaintiff "may still be able to show harm" from race discrimination, including "compensation for the humiliation and emotional distress he says that he suffered as a result of the defendants' discriminatory actions").

---

2  For this reason, even if RAC did have evidence that supported the after-acquired evidence defense, that evidence would be relevant to the question of backpay, which is an equitable remedy that is for the Court, not the jury, to determine. Accordingly, if such evidence were presented, it should be presented to the Court, outside the presence of the jury.

Additionally, as a matter of logic, the after-acquired evidence defense also does not apply to compensatory damages for an even more basic reason: "unlike lost wages, compensatory damages could continue to accrue even after an employee's misconduct is discovered, [and so] *McKennon* does not impose a temporal limit on those damages." *Johnson v. G.D.F., Inc.*, 2008 WL 4225836, *2 (N.D. Ill. Sep. 12, 2008). That is because even if a defendant discovered conduct post-termination that would have resulted in the employee's later termination, "that discovery would not necessarily have stopped [the employee] from suffering emotional damage as a result of the" discriminatory discharge. *See id*.

Thus courts in this circuit have rejected efforts to present after-acquired evidence to a jury as a defense to compensatory (or punitive) damages. *See Hamzah v. Woodman's Food Market, Inc.*, 2016 WL 5930267, *2 (W.D. Wis. Oct. 12, 2016) ("While 'after-acquired evidence' may be used to limit a plaintiff's available remedies in an employment case, provided the defendant can show that 'the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of discharge,' *McKennon v. Nashville Banner Publication Co.*, 513 U.S. 352, 362-63 (1995), that is not a jury question."); *EEOC v. Fair Oaks Dairy Farms, LLC*, 2012 WL 5332039, *3 (N.D. Ind. Oct. 29, 2012) ("The after-acquired evidence defense does not prohibit compensatory damages for emotional distress and has no applicability if the plaintiff is not seeking back pay, front pay, or reinstatement."); *Johnson*, 2008 WL 4225836, *2 (same).

Accordingly, the EEOC objects to Defendant's proposed instruction and proposes that the Seventh Circuit pattern instruction on Compensatory Damages be given without Defendant's proposed modification.

# DEFENDANT PROPOSED JURY INSTRUCTION NO. 5

## MITIGATION OF DAMAGES

Defendant's proposed jury instruction on the mitigation of damages should be rejected because backpay, to which mitigation of damages is a defense under Title VII, is undisputedly an issue before the Court in this case, not the jury.[3] Perhaps in recognition of that, Defendant has modified the pattern jury instruction in an effort to split the mitigation of damages defense up into pieces, some of which RAC would give to the jury and others to the Court. There is no support for that approach in the pattern instruction or in Seventh Circuit caselaw, and RAC cites none.[4]

As set forth more fully in the EEOC's Motion in Limine No. 10, ECF No. 75, mitigation of damages is, despite its reference to "damages," a defense to backpay that Congress wrote into 42 U.S.C. § 2000e-5(g)(1), the statutory provision that provides for equitable relief to be determined by the Court. *See Pals v. Schepel Buick*, 220 F.3d 495, 500-01 (7th Cir. 2000) ("Back pay and front pay are equitable remedies under § 706(g)(1) [of Title VII, 42 U.S.C. § 2000e-5(g)(1)] and therefore matters for the judge.... [W]hatever discretion the facts allow with respect to back pay and front pay belongs to the judge rather than the jury.").

---

3     This is not always so. There are instances in which the issues of backpay (and therefore mitigation of damages) are jury questions, for example when a companion claim under a statute other than Title VII commits such issues to a jury, obligating the Court to adhere to the jury's determination of the matter. *See, e.g.*, *U.S. v. Balistrieri*, 981 F.2d 916, 934 (7th Cir. 1992). Accordingly, the Seventh Circuit pattern instructions contain jury instructions for both backpay and mitigation of damages. However, this not is a case in which backpay is being submitted to the jury. Accordingly, the parties did not propose that the backpay pattern instruction be given, and there is likewise no basis to instruct the jury about a defense to backpay.
4     Additionally, the proposed instruction is deficient because it would not inform the jury which party bears the burden of proof with respect to mitigation of damages.

Accordingly, the EEOC objects to Defendant's proposed jury instruction because it is incorrect as a matter of law.[5]

---

[5] Defendant's proposed jury instruction correctly does not contend mitigation of damages operates to reduce *compensatory* damages, which is what is properly before the jury. Congress wrote a mitigation obligation into Title VII for backpay, but not for compensatory damages. *See, e.g.*, *EEOC v. Fred Meyer Stores*, 954 F.Supp.2d 1104, 1128 (D. Or. 2013) ("Congress explicitly chose to include a duty of claimants to mitigate back pay losses. Congress' deliberate decision to carve out this duty to mitigate damages clearly signifies that Congress did not intend to create a duty to mitigate all compensatory damages." (internal citation omitted)); *EEOC v. Fair Oaks Dairy Farms, LLC*, 2012 WL 5332039, *3 (N.D. Ind. Oct. 29, 2012) ("[T]he mitigation defense would not limit compensatory damages arising from emotional distress.")

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on today's date, I caused the EEOC'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS to be served upon counsel to Defendant via the court's Electronic Case Filing system, pursuant to Local Rule 5.3(A).

December 29, 2017　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　s/ Miles Shultz
　　　　　　　　　　　　　　　　　　Miles Shultz
　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　U.S. Equal Employment Opportunity Commission
　　　　　　　　　　　　　　　　　　500 W. Madison St., Ste. 2000
　　　　　　　　　　　　　　　　　　Chicago, IL 60661