# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**RENT-A-CENTER EAST, INC.**<br><br>Defendant. | Case No. 16-2222 |

### ORDER

This matter is before the Court on Rent-A-Center East, Inc.'s ("Defendant") Motion in Limine (#60), as well as the US Equal Employment Opportunity Commission's ("Plaintiff") Motions in Limine (#65-69; #71-75). Both parties filed responses (#78, #80) to the Motions in Limine, as well as Replies (#82, #83) in support of their respective Motions. For the reasons discussed below, as well as the reasons discussed at the Final Pretrial Conference, Defendant's Motion in Limine (#60) is GRANTED in part, DENIED in part, and RESERVED for trial in part.

Plaintiff's First, Fourth, Sixth, Seventh, and Tenth Motions in Limine (#65, #68, #71, #72, #75) are GRANTED. Plaintiff's Fifth, Eighth, and Ninth Motions in Limine (#69, #73, #74) are DENIED. Plaintiff's Second Motion in Limine (#66) is GRANTED in part, DENIED in part, and RESERVED for trial in part. Plaintiff's Third Motion in Limine (#67) is RESERVED for trial.

**I. Summary of Rulings at FPT**

On January 22, 2018, the Court held a Final Pre-Trial Conference which was attended in person by counsel for both parties. During the Final Pre-Trial Conference the Court made the following rulings:

### a. Plaintiff's Motions in Limine

Plaintiff's First Motion in Limine (#65) was granted without objection. The parties are prohibited from using the term "stolen valor" in the presence of the jury.

The Court also granted Plaintiff's Fourth Motion in Limine (#68). Neither party shall make reference to "Falsus in Uno, Falsus in Omnibus" or any similar remarks. This shall include questioning about this legal principle or similar sayings, such as "If a person is lying about this issue, than they must be lying about another?"

Plaintiff's Sixth Motion in Limine (#71) was also granted. Neither party or attorney shall vouch for witnesses or ask questions that reference the attorney's own personal experiences.

Finally, Plaintiff's Seventh Motion in Limine (#72) was granted. Both parties are prohibited from eliciting comments about the veracity of other witness's testimony. Assessing the credibility of a witness is the province of the jury, not another witness.

The Court denied Plaintiff's Fifth Motion in Limine (#69), Eighth Motion in Limine (#73), and Ninth Motion in Limine (#74).

The Court has reserved ruling on Plaintiff's Third Motion in Limine (#67) until trial, as it relates to the relevance of witness Albert Bennett. The Motion was denied, as it related to witness Richard Thompson, although the parties were admonished that Thompson should testify only to personal knowledge and avoid hearsay. Of course, the parties may renew or pose new objections to each question.

### b. Defendant's Motions in Limine

As to Defendant's Motions, Defendant's First and Sixth Motions in Limine were granted without objection. The parties agreed, and the Court adopted, that no evidence of, or relating to, a prior lawsuit by the EEOC brought against Defendant will be admitted. In addition, the parties will make no reference to Witness Kasper's non-compete or non-disclosure agreements.

Defendant's Eighth Motion in Limine was granted over objection. The parties are therefore prohibited from mentioning or eliciting testimony that Witness Carnahan

directed Witness Kasper to peddle merchandise door-to-door or that Kasper had told Carnahan that such activity was unlawful.

Defendant's Fifth and Seventh Motions in Limine were denied.

Regarding Defendant's Second Motion in Limine, the Court granted the Motion in part and denied it in part. The Court granted Defendant's Motion to the extent that any evidence that Russell Kasper was "wrongfully" terminated based on a discriminatory motive is barred. The Court denied the Motion to the extent that it sought to bar any evidence of Kasper's termination. A ruling on the evidence of the reason Kasper was terminated, including whether he was terminated for lack of sales and the documentation relating to this, was reserved by the Court until Kasper testifies at trial and the Court can determine if the reason for Kasper's termination is relevant.

Defendant's Third Motion in Limine was reserved. On January 23, 2018, the Court issued a Text Order directing Defendant to supplement its Third Motion in Limine. The Court will issue a separate Order on Defendant's Third Motion in Limine once the supplemental material has been filed.

**II. Plaintiff's Tenth Motion in Limine to Exclude Evidence of Backpay and Mitigation**

Plaintiff's Tenth Motion in Limine asks the Court to exclude all evidence relating to any claims for backpay and Ms. Kerr's alleged failure to mitigate her damages. Plaintiff argues that both are issues for the Court to determine, not the jury. Defendant agrees that, pursuant to Title VII of the Civil Rights Act of 1964, backpay is an issue for the Court, not the jury, to decide. Defendant, however, argues that while backpay is an issue for the Court, its affirmative defense of failure to mitigate damages is a question that must be decided by the jury. The Court agrees with Plaintiff, so the Motion is granted.

Pursuant to Title VII, backpay is an equitable remedy and is not a component of compensatory damages. 42 U.S.C. § 2000e-5(g)(1). "A Title VII victim is presumptively entitled to full relief." *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir.

1994). All parties agree that backpay is an issue for the Court, and not the jury, to decide. *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 501 (7th Cir. 2000).

"Once a plaintiff has established the amount of damages she claims resulted from her employer's conduct, the burden of going forward shifts to the defendant to show that the plaintiff failed to mitigate damages or that damages were in fact less than the plaintiff asserts." *Id.* To establish the affirmative defense of failure to mitigate damages, an employer must show that: "(1) the plaintiff failed to exercise reasonable diligence to mitigate her damages, and (2) there was a reasonable likelihood that the plaintiff might have found comparable work by exercising reasonable diligence." *Id.*

The cases provided by the parties do little to address the issue. Plaintiff cites to *Ortega v. Chicago Board of Education*, 2017 U.S. Dist. LEXIS 192270, *3 (N.D. Ill. 2017), for the proposition that the "court addresses backpay and failure to mitigate." This is not what *Ortega* says. *Ortega* says that "backpay and other forms of equitable relief are available in an ADA case . . . but the decision to award them is reserved for the trial court." *Ortega*, 2017 U.S. Dist. LEXIS 192270, *3. Thus, *Ortega* only states that backpay and "other forms of equitable relief[1]" are for the Court to decide. *Ortega* does not squarely say that failure to mitigate, an affirmative defense to backpay, is a question for the Court and not the jury.

Defendant cites to *Smith v. Rowe*, 761 F.2d 360, 366-367 (7th Cir. 1985) and *Smith v. Great Am. Rests.*, 969 F.2d 430, 439 (7th Cir. 1992). As Plaintiff notes, neither case is a Title VII case, and therefore, they do not help resolve the issue when Title VII expressly places backpay within the province of the Court.

Plaintiff's third case, *Sheehan v. Donlen Corp.*, 173 F.3d 1039 (7th Cir. 1999), is a Title VII case. While the jury decided both backpay and mitigation in *Sheehan*, the issue before the Seventh Circuit was not whether the jury was the correct trier of fact for these issues, but rather whether there was a dispute of fact that should have sent the issue of mitigation to the jury at all. *Id.* at 1048-49. Because the jury was the finder of fact as to

---

[1] Presumably injunctions and the "other equitable relief" provided for in Title VII. See 42 U.S.C. § 2000e-5(g)(1).

4

backpay in Sheehan,[2] it would follow that the jury would also decide the issue of mitigation.

Defendant's final case, Tomao v. Abbott Labs., Inc., 2007 WL 141909, *3 (N.D. Ill. 2007), is a Title VII case that states that "failure to mitigate is an affirmative defense that must be proved by the defendant and decided by a jury." At first glance, Tomao seems to support Defendant's position. However, Tomao takes this statement directly from Sheehan, and, for the reasons stated above, Sheehan does not address the issue of whether mitigation is an issue for the jury in a Title VII case. Tomao is not binding on this Court. Regardless, that court in a later Tomao order noted that the defendant did not even claim that Tomao failed to mitigate damages and presented no evidence on the issue, rendering the opinion even less persuasive. Tomao v. Abbott Labs., Inc., 2007 WL 2225905, *24 (N.D. Ill. 2007). The Court therefore declines to follow it.

In its Reply (#83), Plaintiff cites to Stragapede v. City of Evanston, 865 F.3d 861, 864 (7th Cir. 2017). Stragapede states that "[t]he judge faithfully applied circuit precedent in declining to reduce the backpay award for failure to mitigate." Id. at 869. In coming to this conclusion, the Seventh Circuit described the framework. First, the plaintiff must submit evidence to support his calculation of backpay. "The burden then shifts to the defendant to show that the employee failed to mitigate damages or that damages were in fact less than he asserts." Id. at 868 (quoting Hutchison v. Amateur Elec. Supply, Inc., 42 F.3d 1037, 1044 (7th Cir. 1994)). While Stragapede does not specifically state that failure to mitigate is an issue for the Court, the framework suggests that this is appropriate and the Seventh Circuit seems to have approved of the trial judge dealing with both backpay and mitigation.

All parties agree that Title VII expressly states that backpay is an issue for the Court. Given the language of the statute and the discussion in Stragapede, the Court concludes that failure to mitigate is a subsidiary issue of backpay, and therefore should be heard by the Court. All evidence related to the issue of mitigation is only relevant to

---

[2] The Court has found several cases where the issue of mitigation was sent to the jury. However, all these cases appear to have sent the issues of backpay and mitigation to the jury by the consent of the parties. Here, EEOC is objecting to sending the issues to the jury.

the question of backpay. Therefore, it would follow that if the Court is to determine backpay, evidence relating to the issue of mitigation, which is a defense to backpay and only relevant to backpay, should also be presented to and determined by the Court.

The Court notes, however, that this ruling assumes that Ms. Kerr does not testify that her inability to find employment, her extended unemployment, or her lack of money caused by her unemployment led to her emotional distress. If this testimony is presented (and not intentionally elicited during cross-examination), then the issue of failure to mitigate becomes directly relevant to compensatory damages. At this point, the Court may reconsider its ruling. Without this line of testimony from Ms. Kerr, however, evidence related to mitigation is only relevant to backpay and will be excluded. Accordingly, Plaintiff's Tenth Motion in Limine (#75) is GRANTED.

### III. Plaintiff's Second Motion

Plaintiff's Second Motion in Limine (#66) included a request to bar four different issues.

The Court denied Plaintiff's request to bar evidence of Kerr's other allegations of harassment and discrimination.

The Court granted the Motion as it related to evidence from Kerr's divorce and child custody proceedings. In light of the Court's ruling on the mitigation question, the parties shall not reference Kerr's divorce or child custody proceedings, except during the backpay stage, if any.

Plaintiff's request to bar all evidence relating to Kerr's unemployment compensation was granted in part and reserved in part. The Court granted Plaintiff's request to bar evidence of the amount of unemployment compensation Kerr received. The Court reserved ruling on whether to bar statements Kerr allegedly made to the unemployment office about why she was terminated until foundation and authenticity of documents are established.

Finally, Plaintiff's Second Motion in Limine also asks the Court to bar all evidence of testimony regarding Kerr's prior employment. According to Defendant, it

6

intends to ask questions and present documents about the veracity of statements Kerr made on her applications for employment. This issue is directly tied to the issue of backpay. As to the alleged false statements on her resume to Defendant, those statements could amount to after acquired evidence that might terminate backpay. To the extent those statements were included in applications submitted after her termination from Defendant, the statements are only relevant to mitigation of backpay. Accordingly, they are irrelevant to the claims at issue before the jury.

They may be relevant, however, to Kerr's character for truthfulness. In this instance, the false statements on her applications would be specific instances of conduct that could be used to attack the witness's character for truthfulness. Rule 608 provides that "extrinsic evidence is not admissible to prove specific instances of a witness' conduct in order to attack the witness's character for truthfulness." FED. R. EVID. 608(b). However, the Rule also allows those questions to be asked of the witness on cross-examination. *Id.*

In sum, to the extent that any documents relating to Kerr's prior employment are relevant only to the issue of whether Kerr mitigated her damages or to prove up specific instances of conduct under Rule 608(b), they are inadmissible. While counsel will be free to ask Plaintiff about the inaccuracies in her resume and application submitted to Defendant, documents and other extrinsic evidence to prove up those inaccuracies are inadmissible, unless Defendant can demonstrate admissibility for some relevant reason other than to prove a specific instance of conduct under Rule 608.

Thus, Plaintiff's Second Motion in Limine (#66) is GRANTED in part and DENIED in part.

### IV. Defendant's Fourth Motion in Limine to Bar Evidence and Testimony Relating to Defendant's Position Statement to the EEOC

Defendant's Fourth Motion in Limine seeks to bar the introduction of any evidence related to Defendant's position statement to the EEOC. This Motion is denied.

At the Final Pretrial Conference, Plaintiff indicated that it does not intend to introduce the position statement for the truth of the matter asserted. Instead, Plaintiff wants to use the document to show that Defendant's position regarding the termination has changed over time, and that this shift demonstrates that the original reason was a pretext. Rule 801 defines hearsay as an out of court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). Given that Plaintiff is not offering the document to prove its contents, it is not hearsay.

Even if the document was hearsay, Defendant's position statement to the EEOC is admissible to the extent that it constitutes an admission by a party opponent. An employer's position statement to the EEOC may be admissible as an admission of a party opponent or a prior inconsistent statement and the jury can determine what weight to give it. *Thomas v. Big Lot Stores*, 2016 U.S. Dist. Lexis 58382, *4 (N.D. Ind. 2016); *See also Frazier v. Indiana Dep't of Labor*, No. IP01-198CTK, 2003 U.S. Dist. LEXIS 9067, at *4 (S.D. Ind. 2003) ("[A]n employer's position statement in an EEOC proceeding may be admissible to the extent it constitutes an admission, or to show the employer has given inconsistent statements for its challenged decision."); *Brooks v. Grandma's House Day Care Centers, Inc.*, 227 F. Supp. 2d 1041, 1043 (E.D. Wis. 2002) (allowing admission of "a statement in a letter written by defendant's counsel . . . to the EEOC . . . in response to the EEOC's notice to it of plaintiff's discrimination charge" that "was intended to serve as the Company's statement of position with respect to the allegations contained in the charge," upon a finding that the letter "was not written in the course of informal endeavors by the EEOC to settle the case" but was written when "the EEOC had not yet completed its investigation and had not determined that there was reasonable cause to believe that the charge was true").

Plaintiff also requested to redact the document to remove Defendant's legal arguments. Defendant, in response, argues that, if the letter is admitted, the entire letter should be admitted so as to put it in context. Rule 106 provides that, if a party introduces part of a writing, an adverse party may require the introduction of any other part that in fairness ought to be considered at the same time. FED. R. EVID. 106. That

8

does not mean that everything should be included.  Instead, the complete statement will be admitted when it is necessary to "(1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding."  *United States v. Lewis*, 641 F.3d 773, 785 (7th Cir. 2011).

If Plaintiff intends to introduce the position statement, the jury will, out of fairness, be permitted to see more of the document than currently proposed. Obviously, Plaintiff will not be permitted to redact the document to contain only statements that support its position.  Similarly, there are portions of the document that should be redacted, and Defendant will not be allowed to admit its closing argument through this document.

Accordingly, the Court encourages the parties to work through this issue without the Court's intervention.  If the parties are able to reach agreement on the proposed redactions, then the document will be admitted as agreed upon.  If the parties are unable to reach agreement, then they may submit competing versions of the redacted document, and the Court will consider both versions.

Defendant's Fourth Motion in Limine is DENIED.

**V. Conclusion**

For the forgoing reasons, and the reasons discussed at the Final Pretrial Conference, the Court Makes the following rulings:

 (1) Defendant's Motion in Limine (#60) is GRANTED in part, DENIED in part, and RESERVED in part.

> (a) Defendant's First, Sixth, and Eighth Motions in Limine are GRANTED;
>
> (b) Defendant's Fourth, Fifth, and Seventh Motions in Limine are DENIED;
>
> (c) Defendant's Second Motion in Limine is GRANTED in part and DENIED in part; and
>
> (d) Defendant Third Motion in Limine is RESERVED until Defendant supplements the record as directed in the Court's January 23, 2018 Text Order.

9

(2) Plaintiff's First Motion in Limine (#65), Fourth Motion in Limine (#68), Sixth Motion in Limine (#71), Seventh Motion in Limine (#72), and Tenth Motion in Limine (#75) are GRANTED.

(3) Plaintiff's Fifth Motion in Limine (#69), Eighth Motion in Limine (#73), and Ninth Motion in Limine (#74) are DENIED.

(4) Plaintiff's Second Motion in Limine (#66) is GRANTED in part, DENIED in part, and RESERVED for trial in part.

(5) Plaintiff Third Motion in Limine (#67) is RESERVED for trial.

(6) The parties are reminded that by the close of business on Friday, January 26, 2018, they must submit the following:

    (a) Briefs regarding the issue of whether Ms. Kerr is a party opponent under Rule 801(d)(2) and the admissibility of the notes of Gloria Mayfield;

    (b) All deposition objections that cannot be resolved by the parties;

    (c) A completed Final Pretrial Order.

(7) The parties are reminded that by the close of business on Friday, February 2, 2018, they are to brief the legal standard for the jury instructions.

ENTERED this 25th day of January, 2018.

                                                        s/ERIC I. LONG
                                        UNITED STATES MAGISTRATE JUDGE