IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> RENT-A-CENTER EAST, INC., <br><br> Defendant. | No.  16-CV-2222 <br><br> Magistrate Judge Eric I. Long |

### DEFENDANT RENT-A-CENTER EAST, INC.'S TRIAL BRIEF ON THE APPLICABILITY OF FED. R. EVID. 801(D)(2) TO THE EEOC'S INVESTIGATIVE NOTES

In accordance with the Court's order at the Pretrial Conference, Defendant Rent-A-Center East, Inc. ("RAC") files its briefing on the applicability of FED. R. EVID. 801(d)(2) to the EEOC's investigative notes.  The issue concerns statements made by Charging Party Megan Kerr to EEOC investigator Gloria Mayfield.  The Court requested briefing as to whether Kerr is a "party" for purposes of FED. R. EVID. 801(d)(2), which excepts from the hearsay rule an "opposing party's statement."  For the following reasons, Kerr qualifies as an opposing party for purposes of Rule 801(d)(2), and her statements in Mayfield's investigative notes and elsewhere in the EEOC's investigative file are admissible.

A.  KERR IS AN "OPPOSING PARTY" FOR PURPOSES OF RULE 801(D)(2).

Though the EEOC contends that Kerr is not an "opposing party" because the EEOC itself is the plaintiff in this case, other courts have treated the Charging Party as an opposing party for purposes of Rule 801(d)(2).  In *EEOC v. Placer ARC*, the EEOC made the same argument it makes here – that the charging party is not a "party" under the rule, and that the charging party's out-of-court statements could not be considered statements against interest under Rule 801(d)(2).

1

No. 2:13-CV-0577-KJM-EFB, 2016 WL 74032 (E.D. Cal. Jan. 7, 2016). The district court rejected the EEOC's argument. Specifically, noting a dearth of authority on this specific issue, the court analyzed the traditional underpinnings of the hearsay rule. Citing Seventh Circuit precedent, the court explained that "[t]he standard justification of its admissibility is a kind of estoppel or waiver theory, that a party should be entitled to rely on his opponent's statements." *Id.* at *2 (quoting *United States v. DiDomenico*, 78 F.3d 294, 303 (7th Cir. 1996)). Based on the "the traditional justifications for the hearsay rules and its exclusions," the court concluded that the charging party was a "party" under Rule 801(d)(2): "The court found that although [charging party] Ms. Kazerounian is a witness, not a plaintiff, she is no ordinary witness but rather a 'witness plus' on whose statements [defendant] ARC should be entitled to rely as a practical matter." *Id.* Accordingly, the court found charging party's out-of-court statements to fall with the 801(d)(2) exception to the hearsay rule.[1]

The court further noted that the EEOC has taken inconsistent positions on this issue. Specifically, the court noted that the EEOC had previously argued that a charging party was a "real party in interest" for purposes of intervention. *Id.* at *1 (citing *EEOC v. Merchants State Bank*, 554 F. Supp. 2d 959 (D.S.D. 2008)). Further, the court noted that the EEOC had treated the charging party as its client for purposes of the attorney-client privilege. *Id.* This is also the case here. At her deposition, the EEOC objected and instructed Kerr not to answer questions on the basis of the attorney-client privilege – acting in every way as if Kerr was the plaintiff in this case and the EEOC her counsel. *See* Ex. A, Kerr Depo., at 123:9-14; 197:6-10; 390:22-391:14. The EEOC does not get to have its cake and eat it too, treating Kerr as a party when it suits them

---

[1] The Court further noted that such statements may also fall within exceptions for present sense impression, excited utterance, or as a statement of her then-current mental or emotional state. *EEOC v. Placer ARC*, 2016 WL 74032, at *2. Moreover, inconsistent statements by Kerr or others may be used for impeachment. *See* FED. R. EVID. 613, 801(d)(1)(A).

2

but then seeking to exclude her out-of-court statements on the basis that she is not an "opposing party."

Moreover, in a similar case, *EEOC v. Triangle Catering, LLC*, the district court specifically addressed the question of whether the charging party's statements reflected in the EEOC's *interview notes* fell within the Rule 801(d)(2) exception. No. 5:15-CV-00016-FL, 2017 WL 818261, at *3 (E.D.N.C. Mar. 1, 2017). Again, the court reasoned that the charging party should be treated as an "opposing party" under the hearsay rules and admitted the interview notes. *Id*. The same result is warranted here.

### B. MAYFIELD'S INTERVIEW NOTES ARE OTHERWISE ADMISSIBLE.

In the *Triangle Catering* case, the court analyzed the EEOC's interview notes under the double hearsay framework. The court found that the charging party's statements qualified for the hearsay exception under Rule 801(d)(2). The court noted that there was another layer to the analysis – whether the notes as transcribed by the deputy director during his interview with the charging party qualified for a hearsay exception. The court found that the investigator's notes were admissible as a business record maintained in the normal course of the EEOC's investigation. *EEOC v. Triangle Catering, LLC*, 2017 WL 818261, at *3.

RAC maintains that the same analysis applies here – but notes that it will need investigator Gloria Mayfield, a former EEOC employee, to authenticate the notes as EEOC business records. (A typed copy of notes made by Ms. Mayfield from the EEOC's investigative file is attached hereto as Exhibit B.) While RAC has attempted to subpoena Ms. Mayfield to appear at trial, Ms. Mayfield has consistently attempted to thwart RAC's efforts. RAC's process server offers the following account of efforts to serve Ms. Mayfield on January 24, 2018:

> I began surveillance of the subject's unit at 4:20PM. At 6:30PM, a woman matching the photograph I was provided rounded the hallway corner with an item of rolling luggage. I asked if she was

3

> Ms. Mayfield. She stated she is not, and further stated she was calling the police. I informed her that I had a photograph of Ms. Mayfield, and she matches the photo. She replied that she did not care what I had. I informed her that I have legal documents for her, and that she is served. I set the documents at her feet. She turned around, and began to walk away stating "I am not served."

Ex. C, Affidavit of Special Process Server. RAC brings these events to the Court's attention in the event that RAC is forced to seek Court intervention to compel Ms. Mayfield to appear for trial in this matter.

**C.    CONCLUSION.**

For the foregoing reasons, Megan Kerr is an "opposing party" for purposes of FED. R. EVID. 801(d)(2), and the EEOC's investigative notes are admissible evidence in this case.

Respectfully submitted,


                                        /s/ *J. Bradley Spalding*
                                        J. Bradley Spalding, Texas Bar No. 00786253

J. Bradley Spalding
Texas Bar No. 00786253
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.652.4731

Helene Wasserman
California Bar No. 130134
LITTLER MENDELSON, P.C.
633 West Fifth Street, 63rd Floor
Los Angeles, CA 90071
213.443.4288

Andrew Trusevich
Texas Bar No. 00785119
RENT-A-CENTER, INC.
5501 Headquarters Drive
Plano, Texas 75024
972.801.1465

Dated: January 26, 2018

## CERTIFICATE OF SERVICE

I, **J. Bradley Spalding**, an attorney, certify that I served the attorney of record named below with a copy of **Defendant's Trial Brief on the Applicability of Fed. R. Evid. 801(d)(2) to the EEOC's Investigative Notes** via ECF (*Electronic Case Filing*) on January 26, 2018:

**Miles Shultz**
**Justin Mulaire**
**James L. Lee**
**Gwendolyn Young Reams**
**Gregory M. Gochanour**
U.S. Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8045
miles.shultz@eeoc.gov

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507

                                          */s /J. Bradley Spalding*
                                          J. Bradley Spalding