Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Proposed Court's 1
Joint 1
7th Cir. Pattern 1.01: Functions of the Court and the Jury



FILED
16-2222
MAY 17 2018
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

Withdrawn ___   Given _X_   Given as Modified ___   Refused ___   Reserved ___          Page 1

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

Proposed Court's 3
Joint 1
7th Cir. Pattern 1.04: Evidence

Withdrawn ___ Given _X_ Given as Modified ___ Refused ___ Reserved ___          Page 3

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Proposed Court's 5
Joint 1
7th Cir. Pattern 1.12: Definition of "Direct" and "Circumstantial" Evidence

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Proposed Court's 7
Joint 1
7th Cir. Pattern 1.13: Testimony of Witnesses (Deciding what to believe)

Withdrawn ___   Given  X   Given as Modified ___   Refused ___   Reserved ___              Page 7

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Proposed Court's 9
Joint 1
7th Cir. Pattern 1.05: Deposition Testimony

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Proposed Court's 11
Joint 1
7th Cir. Pattern 1.06: What is not Evidence

---

Withdrawn ___   Given _X_   Given as Modified ___   Refused ___   Reserved ___   Page 11

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Proposed Court's 13
Joint 1
7th Cir. Pattern Jury Instructions 1.17: Number of Witnesses

Withdrawn ___  Given X  Given as Modified ___  Refused ___  Reserved ___        Page 13

It is proper for a lawyer to meet with any witness in preparation for trial.

Proposed Court's 15
Joint 1
7th Cir. Pattern 1.16: Lawyer Interviewing Witness

---

Withdrawn _X_  Given ___  Given as Modified ___  Refused ___  Reserved ___        Page 15

In this case, Rent-A-Center is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

Proposed Court's 17
Joint 1
7th Cir. Pattern 1.03: All litigants equal before the law

*And the EEOC is a governmental entity.*

Withdrawn ___ Given ___ Given as Modified _X_ Refused ___ Reserved ___        Page 17

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Proposed Court's 19
7th Cir. Pattern 2.14: Judge's Comments to Lawyer

Withdrawn ✗   Given ___   Given as Modified ___   Refused ___   Reserved ___         Page 19

Rent-A-Center contends that EEOC at one time possessed an attachment to Ms. Kerr's EEOC Intake Form. However, the EEOC contends that, while the evidence is now lost, the loss of evidence was accidental. You may assume that such evidence would have been unfavorable to the EEOC only if you find by a preponderance of the evidence that: (1) The EEOC intentionally destroyed the evidence; and (2) The EEOC destroyed the evidence in bad faith.

Proposed Court's 21
Defendant's 1
7th Cir. Pattern 1.20 (modified): Spoliation/Destruction of Evidence

I have decided to accept as proved the fact that the EEOC's investigative file and notes are governmental records, and accordingly are admissible evidence. You may now treat this fact as having been proved for the purpose of this case.

Proposed Court's 23
Joint 3
7th Cir. Pattern 2.06: Judicial Notice

The EEOC claims that Ms. Kerr was terminated by Rent-A-Center because of her transgender status. To succeed on this claim, the EEOC must prove by a preponderance of the evidence that Ms. Kerr was terminated by Rent-A-Center because of her transgender status. To determine that Ms. Kerr was terminated because of her transgender status, you must decide that Rent-A-Center would not have terminated Ms. Kerr had she not been transgender but everything else had been the same.

If you find that the EEOC has proved this by a preponderance of the evidence, then you must find for the EEOC. However, if you find that the EEOC did not prove this by a preponderance of the evidence, then you must find for Rent-A-Center.

Proposed Court's 24
Defendant's 6: Defendant's preferred Motive Instruction (to replace Joint 7)
7th Cir. Pattern 3.01: General Employment Discrimination Instructions
Proposed as d/e #103-1

If you find that the EEOC has proved its claim against Rent-A-Center, **the Court will calculate and determine damages for past or future lost wages and benefits, if any.**

**If you find that the EEOC has proved its claim against Rent-A-Center,** then you must determine what amount of **compensatory and/or punitive** damages, if any, the EEOC is entitled to recover. The EEOC must prove its damages by a preponderance of the evidence.

If you find that the EEOC has failed to prove its claim, then you will not consider the question of damages.

Proposed Court's 25
Defendant's #3
7th Cir. Pattern 3.09 (modified): Damages: General

You may award compensatory damages only for injuries that the EEOC has proved by a preponderance of the evidence were caused by Rent-A-Center's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits.

You should only consider the following types of compensatory damages, and no others:

The physical and mental or emotional pain and suffering that Ms. Kerr has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Ms. Kerr for the injury she has sustained.

**If you find that Ms. Kerr engaged in misconduct for which Rent-A-Center would have legitimately discharged her solely on that basis, then do not include any damages suffered past the date that Rent-A-Center discovered that Ms. Kerr engaged in that conduct.**

---

If you find for the EEOC, you may, but are not required to, assess punitive damages against Rent-A-Center. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Rent-A-Center and others not to engage in similar conduct in the future.

The EEOC must prove by a preponderance of the evidence that punitive damages should be assessed against Rent-A-Center. You may assess punitive damages only if you find the conduct of Rent-A-Center's managers was in reckless disregard of Ms. Kerr's rights. An action is in reckless disregard of Ms. Kerr's rights if taken with knowledge that it may violate the law.

The EEOC must prove by a preponderance of the evidence that Rent-A-Center's managerial employees acted within the scope of their employment and in reckless disregard of Ms. Kerr's right not to be discriminated against. You should not, however, award the EEOC punitive damages if Rent-A-Center proves that it made a good faith effort to implement an anti-discrimination policy.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

Defendant argues that Plaintiff's claim for lost wages and benefits should be reduced due to Ms. Kerr's failure to mitigate her damages.

If you find that

1. Ms. Kerr did not take reasonable actions to reduce her damages, and

2. that Ms. Kerr reasonably might have found comparable employment if she had taken such action,

the Court shall reduce any damages for past or future lost wages and benefits, if any.

Proposed Court's 28
Defendant's #5
7th Cir. Pattern 3.12 (modified): Mitigation

Withdrawn _X_ Given ___ Given as Modified ___ Refused ___ Reserved ___   Page 33

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Proposed Court's 30
Joint 1
7th Cir. Pattern 1.33: Communications with Court

---

Withdrawn ___   Given ✗   Given as Modified ___   Refused ___   Reserved ___        Page 35

You are about to watch a recording of a video deposition that has been received in evidence. This recording is proper evidence and you may consider it, just as any other evidence.

You may be given a transcript to use as a guide to help you follow as you watch to the recording. The transcript is not evidence of what was actually said or who said it. It is up to you to decide whether the transcript correctly reflects what was said and who said it. If you notice any difference between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And if after careful listening, you cannot hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

Proposed Court's 32
Joint 4
7th Cir. Pattern 2.07 (modified): Transcript of Recording

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

Proposed Court's 34
Joint 6
7th Cir. Pattern 2.09: Use of Interrogatories (to be used only when interrogatories are read without admission into evidence)